IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ALIEN FILE NO. 041482267

EMMANUEL A. N. THOMAS,
    Petitioner,

vs.

IMMIGRATION AND CUSTOMS
ENFORCEMENT, AND D. Ray
JAMES CORRECTIONAL FACILITY
    Respondent.

CV513-126

**ORDER FOR PETITION WRIT OF HABEAS MANDAMUS U.S. CITIZENSHIP ADJUSTMENT STATUS CLAIM DECLARATORY JUDGEMENT, ENJOIN INJUNCTIVE RELIEF STAY OF REMOVAL DEPORTATION PENDING APPEAL DETERMINATION, CERTIFICATE OF SERVICES SERVE ON RESPONDENTS, COMPEL I.C.E TO VACATE DETAINER AND LEAVE TO PROCEED IN FORMA PAUPERIS.**

**SUMMARY CASE NOTICE OF FACTS:**

    Comes now the Petitioner Emmanuel A. N. Thomas, in the styled cause by Pro Se and respectfully moves this Honorable Court to enter an order for petition Writ Of Habeas Mandamus U.S. Citizenship Adjustment Status Claim Declaratory Judgement; Compel The U.S. Immigration And Customs Enforcement (ICE) to vacate detainer; Enjoin Injunction Relief Stay Of Removal Deportation Proceedings Pending Appeal Determination; Certificate Of Services serve on Respondents and Leave to proceed in Forma Pauperis in the present matter herein and as grounds therefore would respectfully show unto this Court the following:

**FACTS AND PROCEDURE INSTRUCTION:**

    This case is before this said Court on the Petitioner's motion action request. The Petitioner Emmanuel A. N. Thomas, a native and citizen of Haiti by virtue of birth, who is currently in criminal custody and housed at D. Ray James Correctional Facility, files

this motion request herein is a consolidation of question for Judicial Review and threshold task of Law pursuant to Title 8 CFR 1003.41; Title 28 U.S.C. § 2201; Title 8 U.S.C. § 1101, 1151; Title 28 U.S.C § 1361; And INA Section 240(c)(3)(b) evidence is insufficient to establish this removal proceeding and to classify the Petitioner as a deportable " Alien ". As we shall see.

## JUDICIAL REVIEW FOR VALIDITY WRIT OF HABEAS MANDAMUS ADJUSTMENT U.S. CITIZENSHIP STEPCHILD STATUS DECLARATORY JUDGMENT ARGUMENT:

Here, the Petitioner seeks a Writ Of Habeas Mandamus Adjustment of Status Declaratory Judgement pursuant to the Stepchild Statute:
1) Compel to declare an invalid unlawful " rescission " ;
2) To compel ICE and D. Ray James Correctional Facility to restore status of the Petitioner as an adjusted U.S. citizen stepchild pending Appeal Determination;
3) The Petitioner's Stepfather Jean Murat Lebrun, is a U.S. Citizen, and both parents were custodial; Hence, the Petitioner is entitled the benefits as an immediate stepchild relation who was a minor under eighteen (18) of age;
4) The above mentioned facts are undisputed. See Stepfather's Marriage Certificate and the Petitioner's birth certificate herein attached.

ICE Deportation Removal Office served the Petitioner with a detainer ( see detainer attached) based on the Petitioner's criminal conviction. Here, this Court shall note the question of what materials are sufficient to constitute custody for Habeas purposes in the immigration context is the subject of a Circuit split.

However, it is widely accepted that Writ Of Habeas Corpus challenging present physical confinement may only be issued by a District Court where the Petitioner is confined. See Garcia v.

Warden, 470 Fed. Approx. 735, 736 (11th Circuit March 27, 2012); United States v. Barrett 1788 F. 3d 34, 50 n.10 (1st Circuit 1999); United States v. Plain, 748 F.2d 620, 621 n.3 (11th Cir. 1984).

Thus, as the Southern District Of Georgia is where the Petitioner is currently incarcerated, as a result the District has jurisdiction over this petition for Habeas Corpus under Title 28 U.S.C. § 2241; and as neither the first Circuit nor the Eleventh Circuit have addressed the underlying issue of what constitutes custody in the context of an immigration detainer. Hence, the Petitioner dictates that the Court GRANT him this petition request.

On this date of November 11, 2013, the Petitioner files this motion request to this Court for an order to terminate this removal proceeding and detainer based on the Petitioner's claim of Stepchild Immediate Relative Adjustment of U.S. Citizen. Because the law dictates that for a Stepchild to be included in the definition of child if under eighteen when the marriage occured. The alien step child of a U.S. Citizen is thus entitled to immediate-relative treatment.

Although Congress restrict an Appellate Court's authority to review removal orders based on an alien's aggravated convictions under Title 8 U.S.C. § 1252 (a)(2)(c). However, these restrictions do not apply when the alien makes a claim of Citizenship. When a claim of citizenship has been made, the Court has jurisdiction pursuant Title 8 U.S.C. § 1252(b)(5)(A), and to determine whether there is a Genuine issue of material fact as to the citizenship claim requiring transfer to a District Court for necessary fact finding. (evidentiary hearing)

This Court shall gauge and apply Department Of Homeland Security ICE Agency Construction Of Statute which the agency administer. The Petitioner now moves this Court to dismiss the ICE detainer and removal proceedings which relief may be granted pursuant to section 56(c) in the Alternative for Summary Judgment Adjustment of Status.

The Petitioner supplement the evidence that the petitioner presents in support of his adjustment status to U.S. citizenship stepchild immediate relative. See attached Documents.

**JUDICIAL REVIEW FOR LEGALITY ENJOIN ADMINISTRATIVE PRELIMINARY PROCEDURE ENJOIN INJUNCTION RELIEF ARGUMENT:**

Under Title 8 U.S.C. § 1429 (10) of the Administrative Procedure Act, and Title 5 U.S.C. § 1009, and as well as apply by the Writ Of Habeas Mandamus Adjustment Of Status. Under the Irreparable Harm, this Court shall begin by analyzing whether the Petitioner has shown and demonstrated irreparable harm. See overview of ICE Administrative Record Evidence and Detainer. " A showing of irreparable harm is the single most important prerequisite for the issuance of a Preliminary Injunction Protection ( from Removal Proceedings Pending Appeal Determination). Here, it is settled that the decision of [ ICE Executive Branch To Deport] is conclusive upon the Petitioner's Conviction.

There is abuse of the discretion committed by this Administrative Branch, Authority was not fairly exercised consistently within the conception of Equal Protection Clause Due Process Principles of Justice.

**JUDICIAL REVIEW FOR STEP-PARENT MARRIAGE CUSTODY VALIDITY ARGUMENT:**

Here, the Petitioner's Stepfather and Mother had custody of the Petitioner before he reached the age of eighteen (18) years as required by § 1101 and § 1151 of Title 8 under the Stepchild Statute.

Hence, on this date of November 11, 2013 the Petitioner files this Habeas Petition Relief in the District Court challenging ICE Detainer and Removal Proceedings on the grounds that he is eligible for immediate relation stepchild benefits under the stepchild statute. Herein before this Court, the Petitioner argues that he is eligible for Immediate Relative Of U.S. Citizen under Title 8 U.S.C. § 1151. Because his stepfather who is married to his mother was a U.S. Citizen by virtue of Naturalization before the Petitioner reached the age of eighteen (18) years.

**JUDICIAL REVIEW FOR DEMONSTRATION STEPCHILD IMMEDIATE RELATION ADJUSTMENT U.S. CITIZENSHIP GENUINE CLAIM ARGUMENT:**

Here, is a genuine issue of material fact for this determination. This Court shall examine only the administrative evidence that this removal proceeding and detainer is based on. The basis for the determination should be as follow:

A) In deciding whether this Court is authorized to look outside the administrative record in their Threshold Task of identifying a " genuine issue of material fact ". And as for the Petitioner's Citizenship Claim, the Court shall start with the text of the statute which are provided in the relevant part.

B) Scope and Standard for review except as provided in this Court shall decide the petition only on the administrative record on which the ICE Detainer Removal Proceedings are based. The administrative findings of facts are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary...

Where the Statute does not limit that threshold inquiry to the administered record. Hence, this Court shall review the Petitioner's claim of Nationality under Title 8 U.S.C. § 1101 and 1151. Where such claim is made by the Petitioner under the herein mentioned, the petitioner should profer from the Stepchild Immediate Relation under the Statute by demonstrating:

1) That Petitioner's Stepfather was a U.S. Citizen and married his mother before the Petitioner reached the age of eighteen as a minor;

2) The Petitioner resided in the United States pursuant to a lawful admission for permanent residence, and that the Petitioner did reside in the United States permanently before reaching the age of eighteen;

3) The critical threshold element for this petition in that the Petitioner had been in legal custody of his Stepfather

and mother who were legally married.

In considering the statutes of the law, the Petitioner do offer several pieces of evidence relevant to the issues. See the documents herein attached, and also the Department Of Homeland Security and ICE database should exhibit the facts. Where the Petitioner argues that he is qualified for exemption from removal proceedings and dismissal of this detainer because he is entitled to adjustment of status.

**JUDICIAL REVIEW FOR DISCRETIONARY SUMMARY DECLARATORY JUDGMENT RELIEF ARGUMENT:**

The Court shall make its determination by a tier of facts with respect to the availability of corroborating allowing valid evidence that the claim of U.S. Citizenship Stepchild Law Application.

This Court shall make its determination if no issue of facts as the Petitioner does express the view that:
> ICE and D. Ray James Correctional Facility involvement in this removal proceeding in classifying the Petitioner as a deportable "alien" render the proper respondents, and that the Court shall properly assert Jurisdiction over the respondents under the Non-Detention Act which prohibits the detention of American Citizen without express Congress Authorization.

**BOP CUSTODY REVIEW ARGUMENT:**

Based on the ruling of the law, the Ninth Circuit has determined that, if the Petitioner's claim is true, the Petitioner's prolonged immigration detention detainer would violate the Non-Detention Act under Title 18 U.S.C. § 4001.

Moreover, in the case of Meleng v. Cook, 490 U.S. 488, 492 (1998), where the Supreme Court has pronounced that the Non-Detention Act prohibits the detainment of any U.S. citizen. Here, the Petitioner is procluded from obtaining all of his benefits without an adjusted U.S. Citizenship Pending Appeal Determination of Status. Here, this ICE detainer is affecting the Petitioner ( see BOP program Statement 5100.7) which include Public Safety Factor

such as Halfway House, Early Release Program. Hence, the Petitioner ends up serving more and harsher time senctence because of this ICE Detainer.

Wherefore, the Petitioner Emmanuel A. N. Thomas now raises his adjustment of status U.S. Citizenship claim through Statutorily Designated Administrative Procedure.

**CERTIFICATE OF SERVICES:**

I hereby certify that on this date of November 11, 2013 the foregoing motion request is filed with the U.S. District Court For The Southern District Of Georgia Waycross Division, D. Ray James Correctional Facility, U.S. Immigration And Customs, and the U.S. Attorney General Office.

**CONCLUSION:**

This Court must rely on the U.S. Constitution Of Law Due Process. Where, the Petitioner invokes for the proposition that Pro Se litigants claim plead are not to be construed liberally and held to be less stringent standars that formal claim pleads. On the basis of the facts established, the Petitioner humbly asks this Honorable Court to grant him this motion request in the best interest of justice under the Petitioner's Constitutional Rights Due Process.

The Court shall examine and conduct its own independent Judicial Investigation Review into the Petitioner Claim Pleads for litigants pleads that are not to be construed liberally.

Wherefore, the Petitioner respectfully prays that this Court enter an order for the following:
- (1) Writ of Habeas Mandamus Adjustment to U.S. Citizenship Claim Declaratory Judgment Relief;
- (2) Compel ICE to Vacate Detainer;
- (3) Administrative Procedure Enjoin Injunction Stay Of Removal Proceedings Pending Appeal Determination;
- (4) Certificate of services serve on the Respondents;
- (5) Leave to proceed in Forma Pauperis.

On this date of November 11, 2013, I declare under penalty of perjury that the foregoing is true and correct.

RESPECTFULLY SUBMITTED,

*[signature]*

EMMANUEL A. N. THOMAS
INMATE NO. 77256-004
UNIT R-4
D. RAY JAMES CORRECTIONAL FACILITY
P.O. BOX 2000
FOLKSTON, GA 31537

## CERTIFICATE OF PROOF

I, Petitioner Emmanuel A. N. Thomas, hereby certify that the foregoing information provided is true and correct. The attached documents are provided solely for the purpose to authenticate the claims herein mentioned in this petition.

Attached are the following:
1) A copy of Petitioner's Custodial Parents Marriage Certificate
2) A copy of Petitioner's Custodial Parents information on INS Form I-551
3) A copy of Petitioner's Birth Certificate
4) A copy of Petitioner's INS Form I-130
5) A copy Of Department Of Homeland Security Immigration Detainer Notice.

The above information is provided solely for the purpose to authenticate the claims herein mentioned in this Petition, and ensure that no redaction of personal identifiers ensued. Any of such personal information could be made available to all parties of interest.

Respectfully submitted,

*[signature]*
EMMANUEL A. N. THOMAS
Inmate No. 777256-004
Unit R-4
D. Ray James Correctional Facility
P. O. Box 2000
Folkston, GA 31537